# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABEL REYES,<br><br>        Plaintiff,<br><br>   v.<br><br>DR. RODRIGUEZ, et al.,<br><br>        Defendants. | CASE NO. 1:07-cv-00547-LJO-GSA PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT THIS ACTION BE DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF COULD BE GRANTED<br><br>(Doc. 13)<br><br>OBJECTION DUE WITHIN THIRTY DAYS |

**Findings and Recommendations Following Screening of First Amended Complaint**

**I.  Procedural History**

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds on the first amended complaint filed in response to an order dismissing the original complaint.  Plaintiff claims that Defendants have subjected him to inadequate medical care such that it constitutes cruel and unusual punishment in violation of the Eighth Amendment.

**II.  Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

1

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). "[P]laintiffs [now] face a higher burden of pleadings facts . . ," Al-Kidd v. Ashcroft, 580 F.3d 949, 977 (9th Cir. 2009), and while a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted)

### III. Plaintiff's Claims

Plaintiff names the following individual defendants: Dr. Roland Rodriguez, M.D.; Dr. David Smith, M.D.; Dr. J. Friedman, M.D; Warden James Yates; Chief Medical Officer Igbignosa; former CDCR Secretary James Tilton.[1]

The events that give rise to this lawsuit began while Plaintiff was housed at Salinas Valley State Prison (SVSP). Plaintiff alleges that on "several continuous occasions," he complained of severe shoulder, neck and head pain." (Am. Compl. ¶ 3.) Plaintiff alleges that "medical staff" purposefully ignored and failed to respond to his medical needs. Id.

On October 24, 2003, Plaintiff underwent an unspecified surgical procedure. (Am. Compl. ¶ 4.)[2] Plaintiff underwent a second surgery on January 8, 2004, after "complaints of

---

[1] Though Plaintiff alleges that he underwent surgery while housed at SVSP, Plaintiff's exhibits, referred to below, indicate that the surgeries occurred in Bakersfield and Corcoran. The Court takes judicial notice of its own records. United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980). Further, the court is not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint. See Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002); Steckman v. Hart Brewing, 143 F.3d 1293, 1295-96 (9th Cir. 1998).

[2] Page 11 of the exhibits attached to the original complaint is a copy of the operation report for the operation of October 24, 2003. The report indicates that Plaintiff was diagnosed with hyperthyroidism, or Graves disease. The procedure performed was a subtotal thyroidectomy, performed by Defendant R. Rodriguez, M.D. at Mercy Hospital in Bakersfield.

1  severe pain to left shoulder, neck and head pain and left side of bottom of outside of ear, and a
2  systematic delay." (Am. Compl. ¶ 5.)³
3       On December 19, 2003, Plaintiff was seen by Dr. Friedman, who performed a "pain
4  evaluation." (Am. Compl. ¶ 10.) Dr. Friedman mis-diagnosed Plaintiff, causing "negligence of
5  any further adequate medical treatment by the entities of the California Department of
6  Corrections and Rehabilitation Medical Staff." Id.
7       On May 20, 2005, Plaintiff was transferred to PVSP. On the same day, Plaintiff sought
8  treatment from "PVSP Medical Staff." (Am. Compl. ¶ 11.) Plaintiff alleges that he has been
9  denied adequate treatment at PVSP. (Am. Compl. ¶ 13.) Plaintiff made numerous verbal
10 complaints to medical staff at PVSP, and submitted numerous written requests for medical care
11 to staff at PVSP. Specifically, Plaintiff complained about "left side of head, and cramps in neck,
12 and about throat closing up, and severe pain on left shoulder." Id. Plaintiff alleges that "P.V.S.P.
13 doctors and R.N.s LVNs, will see you, but will still ignore my serious and painful medical
14 condition." Id. Plaintiff alleges that doctors should have ordered other tests that would have
15 led to an appropriate diagnosis and course of treatment. Id.

16     **A.**    **Analysis**

17      The Eighth Amendment prohibits the imposition of cruel and unusual punishments and
18 "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity and decency.'"
19 Estelle v. Gamble, 429 U.S. 97, 102 (1976)(quoting Jackson v. Bishop, 404 F.2d 571, 579 (8th
20 Cir. 1968)). A prison official violates the Eighth Amendment only when two requirements are
21 met: (1) the objective requirement that the deprivation is "sufficiently serious," Farmer v.
22 Brennan, 511 U.S. 825, 834 (1994)(quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991) and (2)
23 the subjective requirement that the prison official has a "sufficiently culpable state of mind," Id.

24

25     ³Page 13 of the exhibits attached to the original complaint is a copy of a "History and Physical
   Examination" indicating that Plaintiff was admitted to Corcoran District Hospital on January 8, 2004. Plaintiff was
26 diagnosed with "[i]mpingement syndrome, left shoulder, and possible rotator cuff tear. Possible capsular laxity."
   Plaintiff underwent an arthroscopy of the left shoulder. Plaintiff also underwent an operation performed by Dr.
27 Smith. The operation included the following procedures: debridement of anterior glenoid labrum tear with partial
   labrectomy; chondroplasty of glenoid; partial synovectomy of anterior glenohumeral joint; arthroscopic subacromial
28 decompression, left shoulder, with anterior acromioplasty; resection of coracoacromial ligament and subacromial
   bursectoymy; anterior thermal capsulorrhaphy, left shoulder.

(quoting Wilson, 501 U.S. at 298).  The objective requirement that the deprivation be "sufficiently serious" is met where the prison officials's act or omission results in the denial of "the minimal civilized measure of life's necessities."  Id. (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981).  The subjective requirement that the prison official have a "sufficiently culpable state of mind" is met where the prison official acts with "deliberate indifference" to inmate health or safety.  Id. (quoting Wilson, 501 U.S. at 302-303).  A prison official acts with deliberate indifference when he or she "knows of and disregards an excessive risk to inmate health or safety."  Id. at 837.  "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  Id.

However, "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.  Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."  Estelle v. Gamble, 429 U.S. 97, 106 (1976).  Isolated occurrences of neglect do not constitute deliberate indifference to serious medical needs.  See Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006); McGuckin v. Smith, 974 F.2d 1050, 1060 (9th Cir. 1992); O'Loughlin v. Doe, 920 F.2d 614, 617 (9th Cir. 1990).

### 1.     **Defendant Rodriguez**

Plaintiff's allegations as to Defendant Dr. Rodriguez in their entirety, follow:

> Defendant R. Rodriguez was negligent in his duties as surgeon.  As the result of the surgery left Plaintiff with much more severe pain to the left side of bottom of outside of ear, and neck and left side of head.  Causing irreparable harm, and adverse affect to the normal quality of life to Plaintiff.  Defendant knew of and disregarded a serious risk to Plaintiff's health, resulting in injury to Plaintiff.  Defendant never told Plaintiff that he was going to attach two metal clips or stick-tie in Plaintiff throat by his thyroid gland.  Plaintiff is now having trouble swallowing food & drinking water.  Sometimes Plaintiff throat closes up and is very painful.  When Plaintiff drinks water, sometimes it feels like something is stuck when the water goes down my throat.  Plaintiff also gets painful cramps on left side of neck.  And the pain is traveling to the left side of bottom of outside of ear.  And pain also traveling to left side of head.

(Am. Compl. ¶ 7.)

In order to hold Dr. Rodriguez liable under the Eighth Amendment, Plaintiff must allege

4

some facts indicating: (1) an objectively serious medical condition and (2) deliberate indifference to that condition, such that it constitutes "an excessive risk to inmate health or safety." Rhodes, 452 U.S. at 837.   Here, Plaintiff fails to allege any such facts as to Dr. Rodriguez.  The only conduct charged to Dr. Rodriguez is that he performed surgery on Plaintiff.   Plaintiff alleges that he was not advised of certain procedures regarding his surgery.  Specifically, Plaintiff alleges that he was never told that he was going to have "metal clips or stick-tie pin by his thyroid gland." (Am. Compl. 2:27.)

The surgical report referred to above as Plaintiff's exhibit to his original complaint indicates that, as a part of the surgical procedure (subtotal thyroidectomy) performed by Dr. Rodriguez on October 23, 2004, metal clips and a stick-tie were used.   The specific procedure involved the following: "[t]he thyroid capsule is hugged tightly all the way to the superior pole. Several grams of the superior pole are the isolated cicrumferentially and it is clipped and it is clamped with two mosquito clamps.  A stick tie is placed on the trimming pole with a 3-0 Vicryl to control hemostasis." (Compl. Ex. A, p 11.)    The exhibit indicates that there were no complications. Id.

The only conduct charged to Defendant Rodriguez is that he performed the thyroidectomy on Plaintiff.  That he did not explain every detail of the procedure to Plaintiff does not subject Defendant Rodriguez to liability under the Eighth Amendment.  Plaintiff must allege facts indicating that Defendant Rodriguez knew of a serious risk to Plaintiff's health, and acted with deliberate indifference to that risk.  The facts alleged in the first amended complaint indicate that the only conduct engaged in by Defendant Rodriguez is a response to Plaintiff's medical condition.  In order to hold Rodriguez liable, Plaintiff must allege facts indicating that Defendant Rodriguez's response to Plaintiff's medical condition was one of deliberate indifference. Plaintiff has not alleged any facts suggesting that performing surgery on Plaintiff was a deliberately indifferent response to his condition.   The crux of Plaintiff's claim against Defendant Rodriguez is that, in Plaintiff's view, Defendant Rodriguez was negligent in performing the surgery.   Specifically, Plaintiff alleges that Defendant Rodriguez, without Plaintiff's knowledge, put metal clips and pins in place.  Plaintiff's own exhibits indicate that the

surgery was performed with no complications.

Before it can be said that a prisoner's civil rights have been abridged with regard to medical care, however, "the indifference to his medical needs must be substantial.  Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir.1980) (citing Estelle, 429 U.S. at 105-06). See also  Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir.2004).   As to Defendant Rodriguez, Plaintiff has alleged, at most, medical negligence.  Plaintiff has not alleged any facts to support his conclusion that Defendant Rodriguez was deliberately indifferent to a serious medical need of Plaintiff's.  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (209), citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  "Plaintiff must set forth sufficient factual matter accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949, quoting Twombly, 550 U.S. at 555.  While factual allegations are accepted as true, legal conclusions are not.  Iqbal, 129 S.Ct. at 1949.   Plaintiff has not alleged facts sufficient to state a claim for which relief could be granted as to Defendant Rodriguez.   Defendant Rodriguez should therefore be dismissed.

**2.     Defendant Smith**

Plaintiff alleges that Defendant Dr. Smith was "negligent in his duties as a surgeon." (Am. Compl. 3:14.)   As noted in Plaintiff's exhibits referred to above, Defendant Smith performed shoulder surgery on Plaintiff at Corcoran District Hospital.  Plaintiff alleges that the surgery "left Plaintiff with further severe pain to left side of Plaintiff shoulder, neck, and left side of head, causing further irreparable harm, and an even more adverse affect to the normal quality of Plaintiff's life which is now burdened with continues severe pain and other medical difficulties that render Plaintiff disabled now." (Am. Compl. 3:16-24.)   As with Defendant Rodriguez, Plaintiff has not alleged any facts to support his conclusion that Defendant Smith was deliberately indifferent to a serious medical need of Plaintiff's.  The only conduct charged to Defendant Smith is his participation in Plaintiff's shoulder surgery.   Plaintiff has not alleged any facts suggesting that the surgery itself was a deliberately indifferent response to his medical

6

condition. The crux of Plaintiff's complaint is that the surgery was performed negligently. Claims of negligence or medical malpractice will not support a cause of action under section 1983. Broughton, 622 F.2d at 460. Plaintiff has failed to allege facts indicating that Defendant Smith's response to his medical condition was deliberately indifferent. Defendant Smith should therefore be dismissed.

### 3. Defendant Friedman

Plaintiff alleges that Defendant Dr. Friedman "was the medical doctor who perform the pain evaluation for the Plaintiff. On or about December 19, 2003. The misdiagnosis of defendant J. Friedman M.D. caused the negligence of any further adequate medical treatment by the entities of . . . . (PVSP)." (Am. Compl. 4:5-13.) An allegation that Defendant Friedman performed a pain evaluation, of itself, fails to state a claim for relief. Plaintiff must allege facts indicating that Dr. Friedman engaged in conduct that constitutes deliberate indifference. Accepting as true the facts of the amended complaint, Dr. Friedman mis-diagnosed Plaintiff's condition. Such conduct indicates, at most, negligence. Plaintiff must allege conduct on the part of Defendant Friedman that indicates a deliberately indifferent response to Plaintiff's medical condition. Plaintiff has failed to do so here. Defendant Friedman should therefore be dismissed.

### 4. Supervisory Defendants

Plaintiff names as defendants Warden James Yates; Chief Medical Officer Igbignosa; former CDCR Secretary James Tilton. Under section 1983, Plaintiff must prove that the Defendants holding supervisory positions personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). There is no respondeat superior liability, and each defendant is only liable for his or her own misconduct. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1948-49 (2009). A supervisor may be held liable for the constitutional violations of his or her subordinates only if he or she "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); also Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997).

Here, Plaintiff alleges that the supervisory defendants "have shown a wanton disregard to Plaintiff's medical needs tantamount to a deliberate indifference by defendants." (Am. Compl. 4:27.) Plaintiff alleges that he made numerous complaints to medical staff in general, but he fails to allege facts indicating that any of the supervisory defendants knew of and disregarded a serious medical condition of Plaintiff's. Further, the supervisory defendants can not be liable for participation in a constitutional deprivation where Plaintiff has failed to allege facts indicating that he was deprived of a protected interest. The supervisory defendants should therefore be dismissed.

### IV.     Conclusion and Recommendation

In the order dismissing the original complaint, Plaintiff was advised that his allegations failed to state a claim for relief. Plaintiff was advised that his allegations that his surgeries were performed in a negligent manner did not state a claim for relief. Plaintiff was specifically advised that, as to each defendant, he must allege with at least some degree of particularity overt acts which defendants engaged in that support Plaintiff's claim. In the first amended complaint filed in response to that order, Plaintiff re-states the allegations of the original complaint. Though Plaintiff provides more factual detail, he has not alleged facts indicating that any of the Defendants knew of and disregarded a serious medical condition of Plaintiff's, resulting in injury to Plaintiff. The Court finds that Plaintiff has failed to cure the deficiencies identified in the order dismissing the original complaint. The gravamen of Plaintiff's claim is that he was subjected to negligence or medical malpractice. The law on this matter is clear. Plaintiff may not state a claim under section 1983 for negligence or medical malpractice. Broughton, 622 F.2d at 460. The Court will recommend that Plaintiff's complaint be dismissed without leave to amend. See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2007) (recognizing longstanding rule that leave to amend should be granted even if no request to amend was made unless the court determines that the pleading could not possibly be cured by the allegation of other facts); Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment). See Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992)(dismissal

1 with prejudice upheld where court had instructed plaintiff regarding deficiencies in prior order
2 dismissing claim with leave to amend).
3         Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed for failure
4 to state a claim upon which relief can be granted.
5        These findings and recommendations are submitted to the United States District Judge
6 assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636 (b)(1)(B).  Within thirty
7 days after being served with these findings and recommendations, plaintiff may file written
8 objections with the court.  Such a document should be captioned "Objections to Magistrate
9 Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections
10 within the specified time waives all objections to the judge's findings of fact.  See Turner v.
11 Duncan, 158 F.3d 449, 455 (9th Cir. 1998).  Failure to file objections within the specified time
12 may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th
13 Cir. 1991).

15        IT IS SO ORDERED.
16     Dated:   **September 1, 2010**                    **/s/ Gary S. Austin**
                                                  UNITED STATES MAGISTRATE JUDGE